718 F.2d 842
 AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois
Corporation, Plaintiff-Appellant, Cross-Appellee,
v.
The TRANE COMPANY, a Wisconsin Corporation,
Defendant-Appellee, Cross-Appellant,
Employers Mutual Liability Insurance Company of Wisconsin,
St. Paul Fire & Marine Insurance Co., and American
Home Assurance Co., Defendants, Cross-Appellees.
 Nos. 82-2472, 82-2475.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 25, 1983.
Decided Oct. 7, 1983.
 
 Laura S. Arvold, Jenswold, Studt, Hanson, Clark & Kaufman, Madison, Wis., for American Motorists Ins. Co.
 Eugene O. Gehl, Brynelson, Herrick, Gehl & Budaida, Madison, Wis., for Employers Mut. Liability Ins. Co. of Wisconsin.
 Michael D. LaMaster, Schlottauer & Johnson, Madison, Wis., for American Home Assur. Co.
 Paula D. Osborn, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for St. Paul Fire & Marine Ins. Co.
 Christian L. Campbell, Sidley & Austin, Chicago, Ill., for Trane Co.
 Before WOOD and ESCHBACH, Circuit Judges, and GRAY, Senior District Judge.*
 ESCHBACH, Circuit Judge.
 
 
 1
 The Trane Company ("Trane") manufactured and sold heat exchangers to three companies collectively known as "Pritchard." Pritchard utilized these heat exchangers as essential components in four liquefied natural gas plants that it constructed. The heat exchangers apparently did not perform as well as expected and, therefore, the plants did not operate at their full capacities.
 
 
 2
 Employing a variety of legal theories, Pritchard filed claims in federal court against Trane for damages associated with the shortfalls in production, the harm to business reputation, and the cost of remedying the heat-exchanger problems. Trane tendered the defense of these claims to its four insurers, including American Motorists Insurance Company ("American Motorists"). The insurance companies did not come to Trane's defense and American Motorists instead brought this action for a declaratory judgment as to its rights and duties under its policy with Trane.
 
 
 3
 While this declaratory judgment action was pending, Trane settled its dispute with Pritchard. Therefore Trane, alleging breaches of contractual duties to defend, filed a counterclaim and cross-claims against the four insurers. Ruling on motions for summary judgment, the district court made many holdings, including that American Motorists did have a duty to defend Trane against Pritchard's claims; other issues between the parties, however, were held over for resolution at trial. Finding no just reason for delay, the district court entered a final judgment pursuant to Fed.R.Civ.P. 54(b) and thus we have jurisdiction under 28 U.S.C. Sec. 1291 to consider the appeals of American Motorists and Trane.
 
 
 4
 One is directed to the thorough district court opinion, published at 544 F.Supp. 669 (1982), for the details of the lower court's judgment and analysis. After carefully studying that opinion, the appellate briefs, and the case law, we have concluded that we cannot improve upon the district court's decision and opinion. With the addition of a few paragraphs of our own, therefore, we affirm the district court's judgment and adopt its exceptional opinion as our own.
 
 
 5
 American Motorists had a contractual duty to defend Trane only if Pritchard's complaint alleged "property damage." "Property damage" is defined in the policy as "physical injury to ... tangible property ... including the loss of use thereof." The district court concluded that Pritchard made such an allegation in averring that as a result of Trane's faulty heat exchangers, the four plants were unable to operate at full capacity--i.e., some of each plant's usefulness was lost. The district court's conclusion closely followed the Supreme Court of Wisconsin's decision in Sola Basic Industries v. United States Fidelity & Guaranty Co., 90 Wis.2d 641, 280 N.W.2d 211 (1979). The insurance policy construed in Sola Basic Industries, however, did not have the adjective "physical" before the noun "injury" in the definition of "property damage."
 
 
 6
 We agree with the district court that the word "physical" does not so alter the meaning of "property damage" as to remove from the definition the loss of use of Pritchard's plants. The definition still encompasses "loss of use" of "tangible property," which Pritchard clearly claimed. To be sure, the adjective "physical" may mean that the "loss of use" must have its origin in a physical infirmity. In this case, however, such physical infirmities were alleged; the faulty heat exchangers physically impaired full production at the plants. Such physical sources of injury may be distinguished from intangible (non-physical) causes such as the invention of a new technology that renders production plants obsolete and less valuable. Thus drawing all doubts about coverage in favor of Trane, see Sola Basic Industries v. United States Fidelity & Guaranty Co., 90 Wis.2d 641, 646-47, 280 N.W.2d 211, 214 (1979), we conclude that Pritchard's claims against Trane did allege property damage.
 
 
 7
 We also agree with the district court that exclusion (e) in the American Motorists policy does not entirely exclude Pritchard's claimed damages. This clause states that the policy is inapplicable to:
 
 
 8
 damages or expense which represents the cost of inspecting, repairing, replacing, removing, recovering, withdrawing from use or loss of use of, because of any known or suspected defect or deficiency therein, any
 
 
 9
 (1) goods or products ... manufactured, sold, handled or distributed by the named insured, or
 
 
 10
 * * *(3) other property of which such goods, products, or work completed are a component part or ingredient.
 
 
 11
 In Paper Machinery Corp. v. Nelson Foundry Co., 108 Wis.2d 614, 323 N.W.2d 160 (1982), the Court of Appeals of Wisconsin construed a nearly identical provision and held that the exclusion applied only to costs associated with discovering and remedying faulty products. Because Pritchard alleged other damages (e.g., harm to business reputation, contractual liabilities owing to the shortfalls in production), potential coverage under the insurance policy existed and American Motorists had a duty to defend Trane.
 
 
 12
 Both American Motorists and Trane take issue with the district court's determination of the consequences resulting from American Motorists failure to defend Trane. The district court noted that American Motorists "did not simply refuse to defend, but instead brought this action seeking a declaration of its responsibilities to the insured." 544 F.Supp. at 695. Given this posture the court noted that it would be neither fair nor efficient to find American Motorists in breach of its duty to defend because such a finding would imply, among other things, that American Motorists is liable for the entire amount of the settlement with Pritchard, up to the policy's limit. Instead the district court held that American Motorists is liable for attorneys' fees and costs related to the defense and settlement of Pritchard's claims, and is liable for that portion of the settlement award for which American Motorists has a duty to indemnify.
 
 
 13
 There is no controlling state-court decision because the posture of this case is rare in that the underlying dispute was settled while the declaratory judgment action was pending. In light of the absence of authoritative state guidance, the district court's judgment is "entitled to great weight." Lamb v. Briggs Manufacturing, 700 F.2d 1092, 1094 (7th Cir.1983). According the district court's judgment due deference, therefore, we are unwilling to disturb the definition of American Motorists' liability. The district court's decision is, in fact, eminently sensible. Trane will receive all that it purchased with its insurance premiums--indemnification for covered claims and costs associated with defending the Pritchard claims. Moreover, under the rule adopted by the district court, insurers such as American Motorists may refuse to defend suits and seek declaratory judgments without risking liability for the underlying suit's entire judgment--a risk so high as to coerce insurers to defend actions that they are not obligated to defend.
 
 
 14
 The judgment of the district court is affirmed in its entirety. The parties will bear their own costs on appeal.
 
 
 
 *
 The Honorable William P. Gray, Senior District Judge for the Central District of California, sitting by designation